### 8542.  BENNETT *v.* THE STATE.

LUKE, J.  1.  A person making a bona fide sale of real estate does not thereafter have such right of control or possession, or occupy such accessorial relationship to the purchaser, as to make him guilty of aiding and assisting the purchaser in maintaining a lewd house, if the property be put to such use.  Aliter where a person knowingly allows a house or portion of a house in his possession, or over which he has control, to be used as a lewd house.  So much of the decision in *Kinard* v. *State,* 10 *Ga. App.* 133 (72 S. E. 715), as is in conflict with this ruling will not be followed, and is overruled.

2.  The evidence did not authorize the conviction of the accused, and the court erred in overruling the motion for a new trial.

> *Judgment reversed.  Wade, C. J., and George, J., concur.*
>                  DECIDED JUNE 13, 1917.

Indictment for misdemeanor; from city court of Valdosta— Judge Cranford. February 9, 1917.

The indictment charged the accused with maintaining and keeping a lewd house, in that he put a named woman into the house under an executory contract of sale, with the intention on his part that she should maintain and keep it as a lewd house, and that she did maintain and keep it as a lewd house.  From the evidence at the trial it appeared that the defendant made an executory contract for the sale of the house to the woman named, giving her a bond for title to the property, under which she went into possession of the house; that she was a lewd woman, and lived in this house with other lewd women and maintained it as a lewd house; that it was in what was known as "the restricted district" of the city of Valdosta, and that "there are nothing but negro houses and lewd houses in that section of the city;" that at the time the contract was made the woman was living across the street from this house and conducting a lewd house; that the defendant resided and was engaged in business in another part of the city

and spent most of his time on a farm near the city, and was once seen at this house during its construction; that the house, in the opinion of witnesses, did not cost more than $4,000; and the price named in the contract of sale to the woman was $10,000, payable in monthly installments of $100 each.

*E. K. Wilcox,* for plaintiff in error.

*James M. Johnson,* solicitor, *J. B. Copeland,* contra.